(No. 13267.—Decree affirmed.)

CORNELIUS BOUXSEIN, Appellant, *vs.* THE FIRST NATIONAL BANK OF GRANVILLE *et al.* Appellees.

*Opinion filed April 21, 1920.*

1. CONTRACTS—*what necessary to rescind a contract because of misrepresentations.*  To sustain a bill to rescind a contract for the purchase of land because of misrepresentation the representation must be of a material fact known to the defendant to be false and made with the intent that it should be acted upon, and must have been acted upon by the complainant to his damage while he was ignorant of its falsity and reasonably believed it to be true.

2. SAME—*when misrepresentation of value does not justify rescinding contract for purchase of land.*  The misrepresentation of a material fact, which is one of the elements to sustain a bill to rescind a contract on the ground of fraud and deceit, does not consist merely in an expression of opinion or judgment honestly entertained; and a misrepresentation as to value will not, alone, justify rescinding a contract for the purchase of land, where the complainant has examined the property and had full opportunity to ascertain for himself its fair market value.

3. FRAUD—*facts constituting fraud must be clearly set out.*  Both at law and in equity it is essential that the facts which constitute the fraud relied upon as ground for rescinding a contract shall be set out clearly and concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer.

APPEAL from the Circuit Court of Putnam county; the Hon. CHARLES V. MILES, Judge, presiding.

HARRY K. WARD, and BARNES, MAGOON & BLACK, for appellant.

GEORGE W. HUNT, and WOODWARD & HIBBS, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Cornelius Bouxsein, filed his bill in the circuit court of Putnam county, Illinois, asking that a certain contract for the purchase of a quarter section of land in Putnam county, Ohio, be canceled and held void on the ground that he was induced to sign said contract by false representations made by H. L. Solomon and his associates, hereinafter referred to as appellees. The bill alleges that appellant has been for many years a farmer in Putnam county, Illinois; that on the 25th day of May, 1918, appellant accepted the invitation of appellees to inspect certain lands situated in Putnam county, Ohio; that he went to Ohio and after an inspection of lands offered for sale by appellees entered into a contract for the purchase of the northeast quarter of section 28 in Putnam county, Ohio; that appellant was induced to enter into this contract by certain false representations made to him by appellees; that appellees represented to appellant that the "H. L. Solomon Company was an honest, reputable and straightforward going real estate concern," and that appellant "could rely explicitly upon all statements and representations made by said company and by all of its agents, employees and assistants with reference to said lands and with reference to the value and the kind and character and the utility and adaptability thereof;" that appellees represented the fair cash market value of said quarter section to be $31,200, and that if it should turn out that said lands were not worth $31,200 the contract would be of no force or effect; that appellees represented that said lands "were level and usable and adapted for the raising of corn, wheat and oats, and were not heavy, swampy soil that was hard to drain, and that the same contained the elements and constituents and in the same pro-

portion as did the best farm lands in Granville township, Putnam county, Illinois, and that all of the lands for miles around, in every direction from said section 28, were of the same general kind and character;" that appellant believed and relied upon all these statements and was induced by said statements to sign the contract; that since appellant signed said contract he has learned that said quarter section is not worth more than half the sum of $31,200, and that said lands "were not usable and adapted to the raising of corn, wheat and oats, but were, in fact, heavy, swampy soil of gumbo and clay and hardpan, hard to drain, and the same did not contain the constituents and in the same proportion as did the best farm lands in Putnam county, Illinois, but, on the contrary, were of a wholly different chemical constituency," and that all of said false representations were known by appellees to be false and were made by them for the purpose of inducing appellant to sign the contract. The general demurrer filed by Harry L. Solomon, Julius Solomon and Ben Recker, partners doing business as the H. L. Solomon Company, was sustained by the chancellor and the bill dismissed for want of equity. Cornelius Bouxsein prayed and perfected this appeal.

The only question presented by this appeal which we deem necessary to consider is whether the bill states a cause of action. The elements of a cause of action of this character are representation, falsity, *scienter,* deception and injury. (*Foster* v. *Oberreich,* 230 Ill. 525.) The bill must show on its face, first, that the defendant has made a representation in regard to a material fact; second, that such representation is false; third, that such representation was not actually believed by defendant, on reasonable grounds, to be true; fourth, that it was made with intent that it should be acted on; fifth, that it was acted on by complainant to his damage; and sixth, that in so acting on it the complainant was ignorant of its falsity and reasonably believed it to be true. (*Southern Development Co.* v. *Silva,*

125 U. S. 247, 8 Sup. Ct. 881; *Crocker* v. *Manley,* 164 Ill. 282.) The first of the foregoing requisites excludes such statements as consist merely in an expression of opinion or judgment honestly entertained, (*VanGundy* v. *Steele,* 261 Ill. 206,) and, generally speaking, it excludes statements by the vendor in respect to the value of property. (*Tuck* v. *Downing,* 76 Ill. 71; *Hauk* v. *Brownell,* 120 id. 161; *Moore* v. *Recek,* 163 id. 17.) Both at law and in equity it is essential that the facts and circumstances which constitute fraud should be set out clearly and concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer. *Smith* v. *Brittenham,* 98 Ill. 188; *Murphy* v. *Murphy,* 189 id. 360; 10 Stand. Proc. 53; 9 Ency. of Pl. & Pr. 686.

The bill does not allege that a fiduciary relation existed between appellant and appellees, and the facts alleged in the bill do not show that such a relation did exist. Appellant desired to purchase farm lands, and with that end in view went to Ohio to examine lands offered by appellees. He viewed the premises offered at a time when the land was under cultivation, and, so far as appears from the bill, a full opportunity was given appellant to examine the kind and quality of the soil and to ascertain its adaptability to raising corn, wheat and oats. Appellant was a farmer and relied on his own judgment in contracting to purchase farm lands. By looking at the land he could tell whether or not it was level and whether it was free from rocks and other obstructions, and should have been able, with the exercise of ordinary caution, to ascertain whether the land could be readily drained and whether it was adapted to the raising of corn, wheat and oats. He examined the land at a time of year when wheat and oats should have already attained considerable growth and when corn should have been planted. Appellant does not in his bill state wherein the lands were not adaptable to the raising of corn, wheat and oats, nor does he state wherein the chemi-

cal analysis of the lands of Putnam county, Illinois, differs from that of the lands of Putnam county, Ohio. The only definite allegation of misrepresentation made is that the land was not worth as much as it was represented to be worth, and we have already pointed out that a misrepresentation with respect to value is not sufficient to constitute fraud and deceit where the purchaser has a full opportunity to inspect the property to be purchased and to ascertain for himself the fair market value of the property. *Crocker* v. *Manley, supra.*

The three authorities cited by appellant and on which he relies for reversal are not in point. *Brown* v. *Krause,* 132 Ill. 177, was a case in which the wife of a machinist, who lived in Chicago, was induced to trade her property for a sugar plantation in Texas. There the contract was rescinded because the trade was brought about by fraudulent misrepresentations regarding property which Mrs. Krause had never seen. In that case the complainant did not rely on her judgment but relied on representations made by the defendant regarding lands and an industry of which she knew nothing. *Rice* v. *Silverston,* 170 Ill. 342, and *Wenegar* v. *Bollenbach,* 180 id. 222, were cases in which the facts were altogether different from the facts in this case. There the complainants relied on representations regarding title to lands which defendants knew to be false and concerning which complainants had no knowledge and could not obtain any reliable information without a trip to the county where the lands were located and an examination of the records.

The bill did not state a cause of action, and the chancellor properly sustained the demurrer and dismissed the bill for want of equity.                    *Decree affirmed.*

Mr. JUSTICE STONE took no part in this decision.