David E. Wedell, Plaintiff-Appellant, v. American Telephone & Telegraph Company, Defendant-Appellee.

Gen. No. 10,021.

Third District.

February 14, 1956.

Released for publication March 1, 1956.

Leiter and Durfee, of Peoria, for appellant.

Miller, Westervelt, Johnson & Thomason, of Peoria, for appellee; John D. Thomason, of Peoria, of counsel.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

Plaintiff, David E. Wedell filed his complaint in the circuit court of Tazewell County, Illinois alleging in Count I that he was the owner of certain real estate in that county and that on or about May 1, 1950, defendant, American Telephone and Telegraph Company, willfully and knowingly entered upon said real estate and set two guy wire anchors without any right to do so. Plaintiff sought actual and exemplary damages in this count in the sum of $2,500. In Count II plaintiff alleged that defendant's agent sought permission on May 1, 1950 to cut, trim and remove certain trees on the real estate in question, representing to plaintiff that defendant had an easement from his predecessors in title for the establishment and maintenance of its utility lines, guys and anchors; that, because of this representation plaintiff signed a tree removal permit but that subsequent examination of a copy of the purported easement, furnished plaintiff by defendant, disclosed that it did not cover plaintiff's real estate. Plaintiff further alleged that his signature to the tree removal permit was obtained by the fraudulent representation of defendant's agent or in the alternative by false representations based upon its agent's misunderstanding and mistake. Plaintiff asked in this count that the permit in question be declared by the court to be of no legal force and that it be ordered delivered up and cancelled. Defendant filed a motion to strike

the complaint which was overruled as to Count I and sustained as to Count II. Plaintiff has appealed to this court from that part of the order of the circuit court dismissing Count II.

■■ Defendant contends that plaintiff's Count II is defective since it fails to allege certain elements necessary to the proper statement of a cause of action based on misrepresentation. These elements are succinctly described in Bouxsein v. First Nat. Bank of Granville, 292 Ill. 500 at page 502, where the Supreme Court said: "The bill must show on its face, first, that the defendant has made a representation in regard to a material fact; second, that such representation is false; third, that such representation was not actually believed by defendant, on reasonable grounds, to be true; fourth, that it was made with intent that it should be acted on; fifth, that it was acted on by complainant to his damage; and sixth, that in so acting on it the complainant was ignorant of its falsity and reasonably believed it to be true." Defendant points out that nowhere has plaintiff stated in his complaint that defendant knew or should have known that the alleged representation was false and that this omission made his complaint vulnerable to attack on defendant's motion to strike. With this we agree. It is true in Forsyth v. Vehmeyer, 176 Ill. 359, cited by plaintiff, that the statement is made at page 365 of that opinion that: "The allegation that the representations were false and fraudulent implies that appellant knew of their falsity." Nevertheless, it is also true, as plaintiff admits, that this statement has never been followed in subsequent cases. (Bouxsein v. First Nat. Bank of Granville, supra; Roda v. Berko, 401 Ill. 335; Malewski v. Mackiewich, 282 Ill. App. 593, 601.) The fact that the defendant knew his representation was false was an essential part of plaintiff's cause of action and he should have clearly alleged it, if that fact existed.

Count II of plaintiff's complaint alleged as an alternative to false representation that plaintiff's signature was obtained to the permit upon representations made by defendant based upon misunderstanding and mistake. Plaintiff contends that this allegation is a sufficient statement of a cause of action to rescind the contract on the basis of mutual mistake. While the complaint is not a model of clarity, the alternative allegation is there and should not be ignored. The Civil Practice Act commands that pleadings be liberally construed (Ill. Rev. Stat. 1953, Chap. 110, Par. 157 [Jones Ill. Stats. Ann. 104.033]), and on a motion to strike, all inferences must be drawn in favor of the complaint. (Boyd v. Aetna Life Ins. Co., 310 Ill. App. 547.)

The Supreme Court has approved the liberal construction of pleadings in cases involving mistake, where the rights of third parties have not intervened. In Darst v. Lang, 367 Ill. 119 at page 125, it is said: "Section 33 of the Civil Practice act provides: 'Pleadings shall be liberally construed with a view to doing substantial justice between the parties.' While the word 'mistake' is not employed in the complaint, it alleges facts from which it appears that the deed does not conform to the intention and agreement of the parties. Although a pleading does not, in express terms, allege the instrument sought to be reformed was erroneously executed through mistake, nevertheless, the pleading is sufficient if it sets up facts from which such a conclusion is inevitable or fairly deducible." (Citations.)

We believe the Circuit Court of Tazewell County erred in striking Count II since in our opinion it states a cause of action for rescission of a written instrument based upon mutual mistake of the parties thereto. Its

judgment is therefore reversed and the cause remanded.

Reversed and remanded.