**In re WESCO PRODUCTS COMPANY, an Illinois corporation, Debtor.**

**The OFFICIAL CREDITORS' COMMITTEE OF the WESCO PRODUCTS COMPANY, for, and on behalf of Wesco Products Company, an Illinois corporation, Plaintiff,**

v.

**ALLOY AUTOMOTIVE COMPANY, an Illinois corporation and Continental Illinois National Bank and Trust Company of Chicago, a national banking association, Defendants.**

**Bankruptcy No. 80 B 13232.
Adv. No. 81 A 3217.**

United States Bankruptcy Court, N. D. Illinois, E. D.

June 3, 1982.

See also, Bkrtcy.Ill., 22 B.R. 110.

Dennis M. O'Dea, John T. McEnroe, Keck, Mahin & Cate, Chicago, Ill., for Creditors' Committee.

Lionel G. Gross, Rex A. Logemann, Altheimer & Gray, Chicago, Ill., for Alloy Automotive Co.

Michael A. Cotteleer, Kenneth M. Young, Borenstein, Cotteleer, Greenberg & Young, Ltd., Chicago, Ill., for Wesco Products Co.

William J. Reifman, Thomas P. Johnson, Lynne Raimondo and John M. Heaphy, Mayer, Brown & Platt, Chicago, Ill., for Continental Bank.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on two separate motions filed by the defendants Alloy Automotive Company and Continental Illinois National Bank & Trust Company to dismiss the adversary complaint filed by the plaintiff, The Official Creditors' Committee of the debtor Wesco Products Company. The court having carefully considered the memoranda filed by the parties, and being fully advised in the premises, does hereby grant the defendants' motions dismissing the plaintiff's adversary complaint.

The defendants contend the following in support of their motion: 1) that the plaintiff lacks standing to bring this action in that it is not the real party in interest; 2) that the plaintiff has failed to state a claim

upon which relief can be granted under F.R.C.P. 12(b)(6); 3) that the plaintiff's complaint fails to plead fraud with particularity as required by F.R.C.P. 9(b); and 4) that the plaintiff's complaint is not proper and would lead to duplicative litigation given that the debtor itself has filed an identical adversary complaint against the defendants with this court. (See *Wesco Products Company v. Alloy Automotive, et al.*, 22 B.R. 110 [Bkrtcy.]).

The plaintiff, Creditors' Committee, contends that its complaint is proper first of all because prior to filing said complaint they appeared before this court (Judge James sitting in place of Judge Eisen) and received permission to file said complaint. Second, plaintiff contends that under 11 U.S.C. § 1103(c)(5) it has an implied right to bring such an action. Third, plaintiff contends that it has stated valid claims as to fraud, breach of fiduciary duty and breach of contract such that relief may be granted.

## FACTUAL BACKGROUND

The debtor, Wesco Products Company, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code with this Court on or about October 6, 1980. On October 14, 1980 defendant Alloy and the debtor entered into an agreement whereby Alloy agreed to provide funds to the debtor in connection with its reorganization proceedings and agreed to acquire either all of Wesco's outstanding stock or certain of Wesco's assets. In exchange for Alloy's promises, Donald A. Horwith, Wesco's sole shareholder, granted Alloy an irrevocable proxy to vote all of Wesco's shares. The October 14, 1980 agreement was conditioned on an order of court confirming a plan of reorganization which would incorporate the agreement's terms.

A plan of reorganization as such was never confirmed by this court. On September 28, 1981 the plaintiff filed its adversary complaint against Alloy Automotive Co. and Continental Bank, the debtor's largest secured creditor, alleging fraud, misrepresentation, breach of fiduciary duty and

breach of contract, as outlined previously. Furthermore, on February 3, 1982 the debtor itself filed an amended complaint against the defendants alleging substantially identical claims (22 B.R. 110).

## DISCUSSION

Rule 610 of the Official Bankruptcy Rules of Procedure authorizes the trustee or receiver to prosecute or defend any action or proceeding on behalf of the estate before any tribunal. Section 1107 of the Bankruptcy Code recognizes that the debtor in possession has the rights, powers and duties of a trustee. Therefore, it is clear that the debtor in possession is the properly authorized party to bring an adversary action on behalf of the estate.

The plaintiff here argues that under § 1103(5) of the Bankruptcy Code, however, it is impliedly authorized to bring an adversary complaint on behalf of the estate. While the plaintiff does correctly read an implied authority for the Creditors' Committee to sue into § 1103(5), it fails to recognize that under the principles of *In re Monsour Medical Center*, 5 B.R. 715 (Bkrtcy.W.D.Pa.1980) the implied right to sue under the Code can only be invoked in circumstances where the debtor in possession unjustifiably fails to bring suit or somehow abuses its discretion in performing its duties as representative of the bankruptcy estate.

In the present situation, the debtor in possession itself has filed a substantially identical adversary proceeding against the defendants. Therefore, the debtor in possession is acting in good faith and performing its duties, thus precluding the invoking of the Creditors' Committee's implied right to bring an action. Furthermore, the plaintiff has presented no reasonable argument or evidence as to why the debtor in possession would not pursue its action against the defendants as diligently as the Creditors' Committee would or could. The debtor in possession stands in the shoes of a trustee and therefore owes a fiduciary duty to all creditors (11 U.S.C. § 1107). Any recovery

the debtor in possession would obtain would go to the estate and thereafter to the creditors. As a result, the Creditors' Committee is in no better position than the debtor in possession to bring suit against the defendants and its interests will be adequately protected by the debtor in possession's suit.

The plaintiff as a second contention in support of its position states that its complaint should be allowed to stand due to the fact that they received permission from this court to file said complaint initially. The plaintiff contends that it anticipated that the defendants would challenge its standing to sue and that is the reason it asked for a ruling from this court regarding whether it could file said complaint. A reading of the transcript of said proceedings of September 24, 1981, however, reveals that no evidentiary hearing was held to decide whether the plaintiff had standing to sue. Instead Judge James, sitting in Judge Eisen's place, routinely gave permission to the plaintiff to file its complaint. The plaintiff did not ask for a ruling on its standing but simply asked permission to file. Furthermore, Judge James at that time stated that he was simply giving the plaintiff the opportunity to file its complaint and that if something was wrong with it the defendants could always move to dismiss or to consolidate. Therefore, the "Okay" given to the plaintiff to file its complaint has no precedential value here.

## CONCLUSIONS OF LAW

The real party in interest is the debtor in possession in this case. This debtor in possession has the power under § 1107 of the Bankruptcy Code and Rule 610 of the Official Bankruptcy Rules of Procedure to bring an adversary complaint against the defendants in this case, which they have done. Therefore, the debtor in possession is performing its duties properly, The Creditors' Committee has no standing to sue and unnecessary duplication in litigation must and will be avoided given that the creditor's interests will be adequately protected in the debtor in possession's suit.

This court does not find it necessary to and does not reach the merits of the parties' claims as to fraud, misrepresentation, breach of fiduciary duty, breach of contract or any other similar claims.

WHEREFORE, IT IS HEREBY ORDERED that the motions of the defendants Alloy Automotive Company and Continental Illinois Bank & Trust Company to dismiss the plaintiff's adversary complaint be and hereby is granted.