In re WESCO PRODUCTS COMPANY, an Illinois corporation, Debtor.

WESCO PRODUCTS COMPANY, Plaintiff,

v.

ALLOY AUTOMOTIVE COMPANY, an Illinois corporation; and Continental Illinois National Bank and Trust Company, a National Banking Association, Defendants.

Bankruptcy No. 80 B 13232.
Adv. No. 81 A 3141.

United States Bankruptcy Court, N. D. Illinois, E. D.

June 3, 1982.

See also, Bkrtcy.Ill., 22 B.R. 107.

Dennis M. O'Dea, John T. McEnroe, Keck, Mahin & Cate, Chicago, Ill., for Creditors Committee.

Lionel G. Gross, Rex A. Logemann, Altheimer & Gray, Chicago, Ill., for Alloy Automotive Co.

Michael A. Cotteleer, Kenneth M. Young, Borenstein, Cotteleer, Greenberg & Young, Ltd., Chicago, Ill., for Wesco Products Co.

William J. Reifman, Thomas P. Johnson and Lynne M. Raimondo, John M. Heaphy, Mayer, Brown & Platt, Chicago, Ill., for Continental Bank.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on two separate motions filed by the defendants, Alloy Automotive Company and Continental Illinois National Bank and Trust Company, to dismiss the adversary complaint filed by the plaintiff-debtor, Wesco Products Company. The court having carefully considered the memoranda filed by the parties and being fully advised in the premises, does hereby grant defendant's motions dismissing the plaintiff's adversary complaint.

In support of their motion, defendants contend the following: 1) that the plaintiff has failed to state any claim upon which relief can be granted under F.R.C.P. (12)(b)(6); and 2) that the plaintiff's complaint fails to plead fraud with particularity as required by F.R.C.P. (9)(b). The plaintiff contends that it has stated valid claims as to breach of contract, breach of fiduciary duty, fraud, negligence, conversion and breach of a sales contract.

## FACTUAL BACKGROUND

Plaintiff-debtor Wesco Products Company, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on or about October 6, 1980. On October 14, 1980 defendant Alloy and the debtor through its sole shareholder, Donald Horwitz, entered into an agreement whereby Alloy agreed to provide funds to the debtor in connection with its reorganization proceedings and agreed to acquire either all of Wesco's outstanding stock or certain of Wesco's assets. In exchange for Alloy's promises, Donald Horwitz, Wesco's sole shareholder, granted Alloy an irrevocable proxy to vote all of Wesco's shares. The October 14, 1980 agreement was conditioned on an order confirming a plan of reorganization which would incorporate the agreement's terms.

A plan of reorganization containing said agreement was never confirmed by this court. However, in March of 1981 a new agreement was entered into between the parties in which Alloy agreed to purchase certain of Wesco's assets and obtain a license for use of Wesco trademarks and trade name in connection with certain products. This court did approve the March 1981 agreement.

On February 3, 1982 the plaintiff filed its amended adversary complaint against Alloy and Continental Bank, the debtor's largest secured creditor, alleging breach of contract, breach of fiduciary duty, fraud, negligence, conversion and breach of sales contract, as outlined previously.

## DISCUSSION

It has long been recognized in the Federal Court system that the standard by which to measure sufficiency of pleadings is not a rigid one. Neither absolute clarity nor absolute precision is required. However, a complaint must at least inform a defendant with reasonable particularity of a legally cognizable claim against him. In the present case the plaintiff has asserted as causes of action, breach of contract, breach of fiduciary duty, fraud, conversion and negligence. The complaint alleges these claims in a very general and conclusory fashion providing neither the court nor defendants with no real clue as to the particular basis for its claim.

The United States Supreme Court has established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–2, 2 L.Ed.2d 80 (1957). While this court concedes that we must accept as true all material facts well pleaded in the complaint, and we must view the alleged facts and make all reasonable inferences in the light most favorable to the plaintiff, we are not required to accept legal conclusions ei-ther alleged or inferred from the pleaded facts. *Mescall v. Burrus*, 603 F.2d 1266 (CA 7 1979). The inherent problem in plaintiff's complaint is that it lacks the well pleaded facts necessary to inform this court of the factual basis of its claims and the reasonable likelihood that it can prove any set of facts in support of its claims. The plaintiff's complaint is little more than a set of conclusions.

■ The plaintiff in its breach of contract action does recognize that in order to sue on a contract which has been superceded by another agreement, it must allege that the second agreement is a nullity. However, the plaintiff alleges no facts nor legally cognizable theories as to how the Court approved agreement of March 13, 1981 could be declared void. Therefore, plaintiff has failed to state grounds on which this court could consider issues bearing on the October 1980 agreement which it apparently seeks to resurrect.

The allegations of a breach of fiduciary duty on the part of both Alloy and Continental Bank again state legal conclusions which cannot sustain such a finding. The complaint alleges that Alloy, by virtue of its "take over" of Wesco, became a fiduciary and thus had a duty as such to Wesco. However, beyond the conclusory allegation that Alloy was a fiduciary the plaintiff alleges nothing which could lead a finder of fact to believe the parties were operating in anything but an arms length relationship. The complaint also alleges that Continental became a fiduciary as a result of its position as a major secured creditor. Beyond this conclusory allegation, the complaint again fails to set forth anything which could form the basis of proof that such a relationship existed.

■ The negligence allegations against Alloy and Continental suffer from the same inherent defects as its fiduciary duty claims. In order to establish a claim for negligence, the complaint must set out the nature and existence of a duty owed by the defendant to plaintiff, a breach of that duty and an injury proximately resulting there-

from *Cunis v. Brennan*, 56 Ill.2d 372, 308 N.E.2d 617 (1974), *Chesapeake & Ohio Ry. v. Nixon*, 271 U.S. 218, 46 S.Ct. 495, 70 L.Ed. 914. The complaint alleges that Alloy, with full consent of Continental, was in total control of Wesco's operations and by virtue of said relationship owed a duty to plaintiff to refrain from negligent conduct. Plaintiff's allegation as to duty does not go beyond the mere conclusion that defendants were owed such. Without more, the plaintiffs have failed to plead the minimum facts necessary to properly assert a duty under a negligence theory and withstand the defendant's motion to dismiss. It is not necessary for this court to consider the rest of the negligence elements.

The complaint's conversion allegations and breach of 26 Ill.Rev.Stat. 9–207 seem to be contingent on a determination of the posture of the March 1981 court approved contract. Since plaintiff, as stated previously, has stated no colorable claim regarding the March 1981 contract, its conversion and 9–207 claims are pure conclusions.

■ Finally, as to the allegation that Alloy is guilty of fraudulent conduct, F.R.C.P. 9(b) recognizes that fraud is a special pleading matter and requires that it shall be stated with particularity. In order to properly allege fraud the plaintiff must allege that the defendant has made a representation to plaintiff in regard to a material fact; such representation must have been false; this falsity must have been known by the defendant to be so; defendant must have intended that plaintiff would rely on the representation and act on it; and unaware of the falsity of the representation plaintiff must have relied on the representation and acted on it to its detriment. *Southern Development Co. v. Silva*, 125 U.S. 247, 8 S.Ct. 881, 31 L.Ed. 678, *Bouxsein v. Granville National Bank*, 292 Ill. 500, 127 N.E. 133 (1920).

While the complaint does state some facts alleging that representations were made to it by Alloy, plaintiff fails to particularize what type of representations were made and how they were false. Furthermore, the allegations fail to particularize the necessary element of reliance and its causal connection with detriment. Plaintiff repeatedly asserts that Alloy "took control" of Wesco. However, there are no facts asserted that such position was improperly obtained without knowledge or acquiescence of plaintiff. Perhaps plaintiff believes it did not get what it bargained for but absent greater particularity in the pleadings the court cannot infer such details and cannot detect a validly plead claim for fraud.

## CONCLUSIONS

■ F.R.C.P. 12(b)(6) permits defendants to move to dismiss claims for relief when they fail to state a claim upon which relief can be granted. Inherent in F.R.C.P. 12 is the requirement that a complaint for relief, while not required to plead all possible facts and theories with absolute clarity and precision, must at least inform a defendant with reasonable particularity of a legally cognizable claim against him. The allegations of breach of contract, breach of fiduciary duty, negligence, conversion and 9–207 claims assert mere conclusory allegations. Therefore, the complaint fails to state a cause of action upon which relief may be granted and must be dismissed.

Furthermore, F.R.C.P. 9(b) requires that fraud be stated with particularity to sustain a motion to dismiss. While plaintiff does attempt to state a valid fraud claim it does not do so with enough particularity to meet the requirements of F.R.C.P. 9(b). As a result, the fraud claim must also be dismissed.

WHEREFORE, IT IS HEREBY ORDERED that the motions of the defendants Alloy Automotive Company and Continental Illinois Bank & Trust Company to dismiss the plaintiff's adversary complaint be and are hereby granted.