**In the Matter of D'LITES OF AMERICA, INC., Debtor.**

**D'LITES OF AMERICA, INC. and the Official Unsecured Creditors' Committee, Plaintiffs,**

v.

**WILLIAM BLAIR & COMPANY and Blair Venture Partners, Inc., Defendants.**

**D'LITES OF AMERICA, INC. and the Official Unsecured Creditors' Committee, Plaintiffs,**

v.

**Douglas N. SHELEY and Jeffery D. Miller, Defendants.**

Bankruptcy No. A86–05785–WHD. Adv. Nos. 88–0288A, 88–0296A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

May 23, 1989.

Frank W. Scroggins, Scroggins & Brizendine, Atlanta, Ga., for Official Unsecured Creditors' Committee.

David A. Rabin, Frank W. DeBorde, Morris, Manning & Martin, Atlanta, Ga., for defendants, Douglas N. Sheley and Jeffery D. Miller.

E. Penn Nicholson, H. Elizabeth Baird, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendants, William Blair & Co. and Blair Venture Partners, Inc.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

These consolidated adversary proceedings are before the Court on a motion filed by Douglas N. Sheley and Jeffery D. Miller, defendants in Adversary No. 88–0296A, which seeks the dismissal of the Official Unsecured Creditors' Committee ("Committee") as a plaintiff on the grounds that the Committee lacks standing and is not a real party in interest. Sheley and Miller filed their motion on March 14, 1989. On April 11, 1989, William Blair & Company and Blair Venture Partners, Inc., defendants in Adversary No. 88–0288A, filed their own motion to dismiss the Committee as a party.

On March 29, 1989, in response to the filing by Sheley and Miller, the Committee filed an application for an order naming it as a party to both of the consolidated adversary proceedings. The application alleges that the debtor requested the Committee to join as plaintiff in these adversary proceedings filed against defendants who are insiders or are closely related to the debtor. The application states that the ground for the request was to avoid any possible appearance that the debtor would not aggressively or adequately prosecute such claims. Both groups of defendants have filed memoranda in support of their motions to dismiss and in opposition to the Committee's application.

The defendants assert that the Bankruptcy Code provides that the authority to initiate an adversary proceeding is vested in the trustee or debtor-in-possession pursuant to § 323 and § 1107. Furthermore, the defendants assert that the Committee has only limited powers under § 1103 and that the reported decisions which recognize a Committee's implicit authority to institute an action on behalf of the debtor or the estate limit such authority to circumstances where the debtor-in-possession unjustifiably failed to bring suit or is not an active party to the suit. *See e.g., In re Toledo Equipment Co.,* 35 B.R. 315 (Bankr.N.D. Ohio 1983); *In re Wesco Products Co.,* 22 B.R. 107 (Bankr.N.D.Ill.1982).

As stated earlier, the defendants' motion prompted the Committee to file its application for an order naming it as a plaintiff. In the application, the committee cites to cases dealing with the question of whether an official committee should be permitted to intervene in a suit brought by a trustee or debtor-in-possession. This is a related, but different, issue to that addressed in many of the cases cited by Sheley and Miller, which concern the right of a committee to initiate a proceeding on its own when the debtor-in-possession fails to do so. The Court is of the opinion that the intervention question is more relevant to the circumstances in this case because, even though the Committee was originally named as a plaintiff together with the debtor, it would make no sense to dismiss the Committee for lack of standing if the Committee could successfully move to intervene and re-enter the suit as a plaintiff.

The intervention issue must begin with an examination of § 1109(b) which provides that "a party in interest, including ... a creditors' committee ... may raise and may appear and be heard on any issue in a case under this chapter." Relying upon this provision, the United States Court of Appeals for the Third Circuit has held that a committee has an absolute right to intervene in an adversary proceeding. *In re Marin Motor Oil, Inc.,* 689 F.2d 445 (3rd Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). In contrast, the Fifth Circuit has held that the right to intervene is permissive only and that the Bankruptcy Court may restrict intervention pursuant to Fed.R.Civ.P. 24(a)(2) and 24(b) to those persons whose interests in the outcome of the proceeding are not adequately represented by existing parties. *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283 (5th Cir.1985).

In the case at bar, even if this Court were to reject the *Marin Motor Oil* holding that the right to intervene is absolute, intervention would nonetheless be appropriate under Fed.R.Civ.P. 24 and the approach taken by *Fuel Oil Supply.* It is clear, in this case, that the Committee's participation will not unduly delay or prejudice the adjudication of the proceeding and will not result in any new issues being raised. *See In re Longfellow Industries, Inc.,* 76 B.R. 338 (Bankr.S.D.N.Y.1987) (intervention granted under similar circumstances). Furthermore, the Committee, as the representative of unsecured creditors, should be permitted to intervene on behalf of any creditors who may feel that the debtor-in-possession would not adequately represent their interests by aggressively prosecuting this proceeding against insiders or closely related entities.

All of the defendants argue that the Committee should be permitted to pursue an action only when conditions make the debtor's participation impossible or undesirable. In fact, Sheley and Miller assert that a committee's right to act is limited to those situations where the debtor-in-possession is not already a plaintiff. If this were the case, a committee could *never* intervene in a proceeding previously initiated by a debtor. Such a result is clearly not intended under either the Fifth Circuit or the Third Circuit precedent.

The defendants further assert that the Committee should be permitted to intervene only if it shows that the debtor-in-possession will not adequately represent the Committee's interests or protect its rights. While inadequate representation by an existing party is one factor in the intervention question, it is not the only factor. Like the court in the *Longfellow Industries* case, *supra,* this Court finds that intervention by the Committee is appropriate because intervention will not delay or prejudice the parties and because the debtor has requested the Committee's participation. *See Longfellow Industries,* 76 B.R. at 341. Any possibility of unwarranted duplication of efforts on the part of counsel for the Committee and counsel for the debtor can be addressed when counsel file their fee applications.

Finally, although it may be preferable for an official committee to obtain prior court approval before it participates as a plaintiff in an adversary proceeding, the Court can perceive no prejudice to the defendants in this case as a result of the Committee's failure to do so.

Accordingly, it is ORDERED that the Motion to Dismiss the Official Unsecured Creditors' Committee as a plaintiff in Adversary No. 88–0296A is DENIED; and it is

FURTHER ORDERED that the Motion to Dismiss the Official Unsecured Creditors' Committee as a Party in Adversary No. 88–0288A is DENIED; and it is

FURTHER ORDERED that the Application for an Order Naming the Official Unsecured Creditors' Committee as a Party to the consolidated adversary proceedings (No. 88–0288A and No. 88–0296A) is GRANTED to the extent that the Committee is authorized to continue to act as a named party plaintiff in said proceedings.

IT IS SO ORDERED.