388

In the Matter of MUNFORD, INC., d/b/a Majik Market, Debtor.

MUNFORD, INC., d/b/a Majik Market, Plaintiff,

v.

TOC RETAIL, INC., d/b/a Majik Market, and Majik Market Management Corp., Defendants.

Bankruptcy No. A90–00078–WHD. Adv. No. 90–0110A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 5, 1990.

Mark S. Kaufman, Laura F. Nix, Long, Aldridge & Norman, Atlanta, Ga., for unsecured creditors committee.

Stephen D. Busey, E. Lanny Russell, Smith & Hulsey, Jacksonville, Fla., for TOC Retail, Inc. and Majik Market Management Corp.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On April 18, 1990, the Unsecured Creditors' Committee (the "Committee") filed this Motion to Intervene in the present adversary proceeding, in which debtor Munford, Inc. ("Munford") seeks to substantively consolidate the estate's assets with those of TOC Retail, Inc. and Majik Market Management Corp. (collectively referred to as "Defendants"). Defendants filed an objection to the motion on May 11,

1990, to which the Committee filed a supplemental response on May 18, 1990. The Committee, which represents the interests of unsecured creditors holding claims amounting to approximately $43,000,000, asserts alternatively that it has an absolute right to intervene under § 1109(b) of the Bankruptcy Code; that it has a right to intervene under Federal Rule of Civil Procedure 24(a)(2) because the substantive consolidation complaint is likely to materially affect recoveries for unsecured creditors of the estate and the interests of unsecured creditors are not adequately represented by the estate; and that it should be given permission to intervene under Federal Rule of Civil Procedure 24(b) because such intervention would not unduly delay or prejudice the proceeding. Defendants counter that creditors' committees have no absolute right to intervene under the Code; that the interests of the unsecured creditors are already adequately represented; and that the Committee's intervention would delay and prejudice the proceeding.

According to Federal Rule of Civil Procedure 24(a)(1), anyone shall be permitted to intervene in an action when a statute of the United States confers an unconditional right to intervene, Fed.R.Civ.P. 24(a)(1). The Committee asserts that Bankruptcy Code § 1109(b) confers this right by providing that "[a] party in interest, including ... a creditors' committee, ... may raise and may appear and be heard on any issue in a case under this chapter," 11 U.S.C. § 1109(b) (1990). The Third Circuit Court of Appeals took this position in *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3rd Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), but its conclusion was disputed by the Fifth Circuit Court of Appeals in *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283 (5th Cir.1985), in which that Court ruled that the right to intervene is restricted to those who meet the requirements of Federal Rules of Civil Procedure 24(a)(2) or 24(b). In *In re D'Lites of America, Inc.*, 100 B.R. 612 (Bankr.N.D.Ga.1989), this Court acknowledged the conflict between the circuits but chose not to address it, finding instead that the Creditors' Commit-

tee met the procedural requirements for intervention under the Federal Rules, *Id.* at 614. Because the Committee meets the procedural requirements in the present case, the Court chooses to take the same approach here.

■ Federal Rule of Civil Procedure 24(a)(2) creates three requirements for intervention: first, the would-be intervenor must claim an interest in the property which is the subject of the action; second, the disposition of the action must potentially impair the intervenor's ability to protect that interest; and third, the intervenor's interest must not be adequately represented by existing parties, Fed.R.Civ.P. 24(a)(2). Initially, Defendants claim that creditors' committees cannot intervene under this Rule as a matter of law because they are not parties in interest in an adversary proceeding, citing *In re Neuman*, 103 B.R. 491, 497 (Bankr.S.D.N.Y.1989). The case does not stand for that proposition, however. That Court adjudicated the right of the United States government as a single unsecured or administrative creditor to intervene, *Id.* at 494, rather than the intervention right of a creditors' committee, and it noted that "there is a potentially significant difference between allowing a fiduciary, such as a creditor's committee, and a non-fiduciary, such as an individual creditor, to intervene," *Id.* at 495 n. 7. Moreover, the Court determined only that the government had no actual interest in the adversary proceeding, which involved the recovery of certain fraudulent transfers by the Chapter 11 Trustee, *Id.* at 498. In the present case, however, the Defendants do not dispute that the unsecured creditors hold claims totalling approximately $43,-000,000 against the estate, and that the substantive consolidation action could materially affect their ability to collect on these claims, therefore giving the Committee an actual and direct interest in the outcome of the proceeding.

■ The point of dispute is whether the interests of the unsecured creditors are already adequately represented by Munford so that intervention by the Committee is unnecessary. On this issue, Rule 24(a)(2)

is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal," *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *see Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir.1984); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir.1983); *Nat'l Farm Lines v. I.C.C.*, 564 F.2d 381, 383 (10th Cir.1977). This does not mean that the burden is nonexistent, however. Where the intervenor has the same ultimate objective, it must overcome the presumption that its interests are adequately represented by demonstrating adversity of interests, collusion or nonfeasance, *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.1978); *Bush v. Viterna*, 740 F.2d at 355. If the intervenor can show adversity of interests, a showing of collusion or any other conduct detrimental to its interest is not required, *Sagebrush Rebellion*, 713 F.2d at 528, but the adversity of interests must exist in the present proceeding, and the possibility that interests might clash in future proceedings does not justify intervention, *Bush v. Viterna*, 740 F.2d at 356–57.

The Committee argues that, as the representative for the unsecured creditors, its interests vary significantly from Munford's because Munford must also address the concerns of secured creditors. Specifically, it contends that Citicorp North America, Inc. holds a post-petition security interest in nearly all of the estate assets, and its success in recovering its claim could deplete the amount of assets available to the unsecured creditors. Although the Committee and Munford may share the ultimate goal of substantive consolidation, Munford's interest in satisfying the secured creditors could affect the structuring of the consolidation in this adversary proceeding to the detriment of the unsecured creditors. This duality of Munford's interests presents a real conflict which justifies intervention pursuant to Rule 24(a)(2). *See Trbovich*, 404 U.S. at 538–39, 92 S.Ct. at 636–37 (Secretary of Labor's dual interests in enforcing individual union member's rights against union and in protecting democratic free union elections may dictate conflicting approaches to underlying litigation, justifying intervention of individual union member).

Defendants' bald assertion that Munford's and the Committee's interests are identical are belied by the above logic, and the fact that Munford is currently litigating the adversary proceeding capably and vigorously does not ensure that the Committee's interests will be adequately represented later in the proceeding. The Court agrees with the Committee's position and concludes that the Committee has a right to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). As a result, the issue of permissive intervention under Rule 24(b) does not need to be addressed.

Accordingly, it is ORDERED that the Committee's Motion to Intervene is GRANTED.

The Clerk is directed to serve a copy of this Order on the attorneys for the Unsecured Creditors' Committee, Munford, TOC Retail, Inc., and Majik Market Management Corp.

IT IS SO ORDERED.