### In re COMMODORE INTERNATIONAL, LTD., and Commodore Electronics Ltd., Debtors.

Commodore International Ltd., and Commodore Electronics Ltd., Debtors-in-Possession by and through The Official Committee of Unsecured Creditors of Commodore International Ltd. and Commodore Electronics Ltd., Plaintiffs–Appellants,

v.

Irving Gould, Mehdi R. Ali, Alexander M. Haig, Jr., Ralph D. Seligman, Burton Winberg, J. Edward Goff, Hock E. Tan, Ronald B. Alexander, and Anthony D. Ricci, Defendants–Appellees.

No. 99 CV 3418(RCC).

United States District Court, S.D. New York.

Oct. 4, 2000.

Curtis C. Mechling, Stroock & Stroock & Lavan, L.L.P., New York City, for appellants.

Richard Carl Schoenstein, Jonathan D. Thier, Cahill, Gordon & Reindel, New York City, for appellees.

*OPINION AND ORDER*

CASEY, District Judge.

The Official Committee of Unsecured Creditors (the "Committee") of Commodore International Ltd. ("CIL") and Commodore Electronics Ltd. ("CEL") (together "Commodore") appeal the decision of the Bankruptcy Court for the Southern District of New York, James L. Garrity, Jr., J. The Bankruptcy Court dismissed the Committee's claims against certain former officers and directors of Commodore after finding that court-appointed liquidators had filed substantially similar claims against the defendants in the Bahamas, thus divesting the Committee of standing to pursue their claims in the United States Bankruptcy Court. For the reasons set forth below, the judgment of the bankruptcy court is affirmed.

## I. BACKGROUND

As the relevant facts are fully provided in the bankruptcy court's decision, I will only briefly outline them here. *See In re Commodore International, Ltd.*, 231 B.R. 175, 176–77 (Bankr.S.D.N.Y.1999). CIL and CEL are Bahamian corporations that are the subject of bankruptcy proceedings in the Supreme Court for the Commonwealth of the Bahamas ("Supreme Court"). Their court-appointed liquidators in the Bahamas are Franklyn R. Wilson and MacGregor N. Robinson (the "Liquidators"). Further, CIL and CEL are also chapter 11 debtors in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The two courts approved a protocol to ensure the efficiency of the proceedings (the "Protocol").[1]

With the Liquidators' consent, the Committee began pursuing several claims on behalf of Commodore in the Bankruptcy Court. In April 1997, the Committee commenced this adversary proceeding against certain former Commodore officers and directors (the "Defendants"), alleging that the Defendants failed to maintain proper financial controls despite warnings from Commodore's outside auditors. In November 1997, the Liquidators filed a lawsuit on behalf of CIL and CEL in the Supreme Court against the defendants, alleging substantively similar claims to those made by the Committee in the Bankruptcy Court.

The Defendants argued that the Liquidators violated Bahamian law when they permitted the Committee to bring Commodore's claims in Bankruptcy Court and sought a declaration from the Supreme Court. In December 1997, the Supreme Court declared that (1) CEL and CIL could not bring any action in the Bankruptcy Court except through the Liqui-

dators and with the Supreme Court's approval, and (2) the Liquidators had breached their statutory duties by authorizing the Committee to bring claims in the Bankruptcy Court.

As a result, the Defendants filed a motion to dismiss the case pending in Bankruptcy Court. The Bankruptcy Court limited its determination to whether the Committee had standing to prosecute the adversary proceeding when the Liquidators were pursuing the same claims in the Bahamas. Relying on *In re STN Enterprises*, 779 F.2d 901 (2d Cir.1985), the Bankruptcy Court dismissed the Committee's complaint, finding that "the Liquidators' commencement of the Bahamian Litigation divest[ed] the Committee of standing to bring this litigation, irrespective of the outcome of the appeal in the Bahamas." *In re Commodore*, 231 B.R. at 180. The Committee now appeals.

## II. DISCUSSION

■ A District Court has appellate jurisdiction to review Bankruptcy Court decisions pursuant to 28 U.S.C. § 158(a). The question of standing is a matter of law and, as such, the Bankruptcy Court's decision is subject to de novo review by this Court. *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir.1999) (stating standing is a question of law and subject to de novo review); *In re Maxwell Newspapers, Inc.*, 981 F.2d 85, 89 (2d Cir.1992) (explaining a district court reviews a bankruptcy court's findings of law de novo).

■ While the Bankruptcy Code provides "no explicit authority for creditors committees to initiate adversary proceedings," *In re STN Enterprises*, 779 F.2d at 904, the Appellants argue that the Liquidators' consent to the proceeding permits the action in the Bankruptcy Court. *See* Appellants' Brief at 10–11. The Liqui-

---

1. In relevant part, the Protocol states: "[I]t is the intention of the Liquidators to serve the function customarily held by a debtor in possession under Chapter 11 of the Bankruptcy Code.... The Committee intends that pro-

ceedings in the United States will be conducted under Chapter 11 ... with the Liquidators constituting the corporate governance and exercising the rights, powers and duties of debtors in possession."

dators' consent is not dispositive, however.[2] Courts have found that creditors committees have "an implied, but qualified, right . . . to initiate adversary proceedings . . . only when the trustee or debtor in possession unjustifiably failed to bring suit or abused its discretion in not suing to avoid a preferential transfer." *In re STN Enterprises,* 779 F.2d at 904; *see also In re Wesco Products Co.,* 22 B.R. 107 (Bankr.N.D.Ill.1982); *In re Joyanna Holitogs, Inc.,* 21 B.R. 323, 326 (Bankr. S.D.N.Y.1982). This right does not arise, however, when the debtor in possession is already pursuing the same claims. *See In re Florida Group, Inc.,* 123 B.R. 923, 924 (Bankr.M.D.Fla.1991) ("Where, as here, the debtor-in-possession has diligently sought to pursue its cause of action, the creditors committee is precluded from proceeding on the same matter.").

 Similarly, any right the creditors committee had to commence a proceeding is extinguished when and if the debtor in possession later commences a suit with similar claims. *See In re Wesco Products Co.,* 22 B.R. at 110. In *Wesco,* the creditors' committee obtained consent from the Bankruptcy Court for the Northern District of Illinois to file a proceeding on behalf of the debtor. *See id.* Soon after, the debtor in possession filed "an identical adversary complaint against the defendants." *See id.* at 109. The court found that the debtor in possession was acting in good faith in performing its duties, "thus precluding the invoking of the Creditor's Committee's implied right to bring an action." *See id.* Moreover, the court held that the committee had "no standing to sue" and dismissed the claim to avoid unnecessarily duplicative litigation. *See id.* at 110; *see also In re Nicolet,* 80 B.R. 733,

740 (Bankr.E.D.Pa.1987) ("It is difficult to understand how this Court could simultaneously allow two cases to proceed on virtually all the same causes of action against the same parties defendant."). Thus, since a substantially similar action by the Liquidators is pending in the Bahamas against the Defendants, the Committee does not have standing to pursue its adversary proceeding in the Bankruptcy Court.

## III. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is affirmed, and the Committee's action is dismissed.

SO ORDERED.

**2.** The Appellants rely on *In re Spaulding Composites Co., Inc.,* 207 B.R. 899 (9th Cir. BAP 1997); *Coral Petroleum, Inc. v. Banque Paribas–London,* 797 F.2d 1351 (5th Cir.1986); *In re Colfor, Inc.,* 1998 WL 70718 (Bankr. N.D.Ohio Jan. 5, 1998) for the proposition that the Committee has standing to sue in the Bankruptcy Court because the Liquidators gave the Committee its consent to sue as their representative. I find these cases unpersuasive, however, because they do not address the facts of this case. None of the Appellants' cases address the situation in which the committee and debtor in possession are simultaneously pursuing the same claims against the same defendants.