In re SAPOLIN PAINTS, INC., Debtor and Debtor-in-Possession.

In re WOOLSEY MARINE INDUSTRIES, INC., Debtor and Debtor-in-Possession.

UNITED CAPITAL CORP. and Metropolitan Greetings, Inc., Plaintiffs,

v.

SAPOLIN PAINTS, INC. and Woolsey Marine Industries, Inc., Defendants.

Bankruptcy Nos. 180–01691–21, 180–01807–21.

Adv. No. 180–0682–21.

United States Bankruptcy Court, E. D. New York.

Oct. 10, 1980.

See also Bkrtcy., 5 B.R. 412.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Chemical Bank, proposed intervenor.

Ballon, Stoll & Itzler, New York City, for United Capital Corp. and Metropolitan Greetings, Inc., plaintiffs.

Stroock, Stroock & Lavan, New York City, for defendants, debtors, and debtors–in–possession.

OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Chemical Bank ("Chemical") has moved to intervene in this adversary proceeding brought by United Capital Corp. ("United") and Metropolitan Greetings, Inc. ("Metropolitan") against Sapolin Paints, Inc. ("Sapolin") and Woolsey Marine Industries, Inc. ("Woolsey"), debtors and debtors–in–possession herein. Chemical's motion is made under Rule 24 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 724 [1] to adversary proceedings commenced in the bankruptcy court.

1. Section 405(d) of Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95--598, provides

that the Bankruptcy Rules in effect on September 30, 1979 shall apply to cases commenced

United and Metropolitan seek an order directing Sapolin and Woolsey to commence a proceeding in this Court to void a lien held by Chemical on certain notes which United and Metropolitan purchased from Sapolin and Woolsey as part of an auction sale of virtually all of the two debtors' assets. The lien is alleged to be voidable, by the debtors, as a preference, as defined in § 547 of the Bankruptcy Code, 11 U.S.C. § 547. United and Metropolitan contend that under the debtors' contract of sale, the debtors are obligated to take the action requested. By way of alternative relief, United and Metropolitan request a money judgment for damages equal to the face value of the notes. The principal amounts due on the notes are $317,346.07 and $109,250.00. Chemical has moved to intervene, both as a matter of right under FRCP 24(a), and also with the permission of the Court in the exercise of the Court's discretion under FRCP 24(b).

What is involved here is what is termed a "liquidating arrangement," which is permitted by § 1123(b)(4) of the Bankruptcy Code, 11 U.S.C. § 1123(b)(4). The proceeding has as its purpose the liquidation of the assets of the debtors and the distribution of the proceeds to their creditors. To a large extent, this liquidation has already taken place through the auction sale of the bulk of the assets of the debtors to Metropolitan and United.

When these Chapter 11 petitions were filed, Chemical was Sapolin's largest secured creditor; it was owed approximately $3,200,000, protected to some extent by certain collateral. However, it is unlikely that Chemical's security will cover the monies owed it. In consequence, Chemical may become the debtors' largest unsecured creditor.

FRCP 24(a) provides that "anyone *shall* be permitted to intervene in an action: (1) when a statute of the United States confers an *unconditional* right to intervene." Rule 24(b) provides that "anyone *may* be permit-

ted to intervene in an action: (1) when a statute of the United States confers a *conditional* right to intervene." (Emphasis supplied.)

Section 1109(b) of the Bankruptcy Code, 11 U.S.C. § 1109(b), confers upon a creditor in an arrangement proceeding the right to "appear and be heard on any issue in a case" under Chapter 11 of the Bankruptcy Code.

"A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, *a creditor,* an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." (Emphasis supplied.) Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2629.

Chemical is indubitably a creditor. The Code defines this term as follows: "[A]n entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A). The term "claim" is also defined in the Code as follows: "[R]ight of payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(4). Chemical falls squarely within the definition of "creditor": it has a claim against the debtor that arose before the filing of the petition.

Further, there can be no doubt that what is here involved is a "case" under the Code. While that term, unlike "creditor," is not defined, an authoritative text notes that it "embraces all controversies determinable by a court of bankruptcy." 2 *Collier on Bankruptcy* ¶ 301.03 at 301–3 (15th ed. 1979). *See, In re Cloud Nine, Ltd.,* 3 B.R. 199 Bkrptcy.D.N.Mex.1980) (creditor had right to intervene to represent his own interests in adversary proceeding commenced by secured creditor to obtain relief from automatic stay).

under Title 11 subsequent to September 30, 1979 to the extent not inconsistent with the

provisions of the Bankruptcy Reform Act of 1978.

United and Metropolitan, however, would deny the words of the statute their plain meaning on the theory that the legislative history of § 1109(b) indicates that creditors, like Chemical, with concerns special to them alone were not intended to be included.

It is debatable whether any resort to legislative history is appropriate where the words of the statute are not only plain, but have themselves been defined by the legislators. Nor is it clear that the legislative history supports the limited reading United and Metropolitan urge. Parenthetically, plaintiffs' insistence that only creditors' committees should be heard does not sit well in their mouths in view of their exclusion of these committees from these proceedings. Indeed, one of the objections to the complaint which Chemical proposes to raise in its answer is that these committees have not been made a party to these proceedings by the plaintiffs. *Collier on Bankruptcy* urges quite a different construction from that supported by plaintiffs here. According to *Collier*, § 1109(b) should be "construed broadly to permit parties affected by a Chapter 11 case to appear and be heard." 5 *Collier on Bankruptcy* ¶ 1109.02 at 1109–23 (15th ed. 1979).

But it is unnecessary, for purposes of the present proceeding, to determine whether Chemical is entitled to intervene as of right, or only as of grace, because even if the Court were not satisfied that § 1109(b) confers an unconditional right to intervene, it would permit such intervention as a matter of discretion under FRCP 24(b). As noted earlier, plaintiff seeks a money judgment; such a judgment would diminish the assets available for distribution; such diminution would adversely affect every creditor; the greater the claim of that creditor, the larger the loss. Chemical, as a creditor of the debtors and potentially their largest creditor, clearly has an interest in contesting the entry of such a judgment.

There are other reasons, as well, why Chemical, as a matter of discretion, should be permitted to intervene in these proceedings. All bankruptcy proceedings are predicated on recognition of the interest of the creditors in the management and administration of the debtor's estate. The debtor–in–possession serves as the trustee of the creditors. A sale of the debtor's assets requires notice to the creditors and a hearing, at which their objections to such sale can be heard. It was at such a hearing that the plaintiffs made the purchase which gives rise to their present cause of action. Chemical participated in that hearing, and the Court approved the sale, in part because no objection was raised to it by any creditor. Chemical's interest in that sale did not terminate with that hearing. Chemical has a right to be heard in subsequent proceedings arising out of the sale in which they participated.

An order consistent with this opinion is being entered simultaneously herewith.