## In re GEORGE RODMAN, INC., Debtor.

### Thomas J. KENAN, Trustee, Plaintiff,

v.

### FEDERAL DEPOSIT INSURANCE CORPORATION, Continental Illinois National Bank & Trust Co., Seattle-First National Bank, Bank of Healdton, and Earl George Rodman, III, a/k/a George Rodman, Defendants.

Bankruptcy No. Bk–82–2132.
Adv. 83–0590.

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 30, 1983.

John W. Swinford, Jr., of Hastie & Kirschner, Oklahoma City, Okl., for Seattle-First Nat. Bank.

Joe E. Edwards and Scott C. Sublett, of Edwards, Roberts & Winterstein, Oklahoma City, Okl., for Federal Deposit Ins. Corp.

D. Kent Meyers, Jim K. Goodman and Ann L. Faford of Crowe & Dunlevy, Oklahoma City, Okl., for Continental Illinois Nat. Bank & Trust Co. of Chicago.

Thomas J. Kenan, Oklahoma City, Okl., trustee.

B.J. Brockett, Oklahoma City, Okl., for debtor.

Susan Talbot and Robert A. Manchester of McClelland, Collins, Bailey, Bailey & Manchester, Oklahoma City, Okl., for Creditors' Committee.

## DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

The issues for determination concern whether a creditors' committee can intervene in an adversary proceeding brought by a Chapter 11 trustee.

The trustee has brought an adversary proceeding against the defendants seeking to avoid transfers under § 547 of the Bankruptcy Code. A creditors' committee has been appointed under § 1102 and it desires to intervene as a party in that proceeding. Some of the defendant banks oppose the motion on various grounds.

Intervention in an adversary proceeding is governed by B.R. 7024 which applies Rule 24 F.R.Civ.P.

The Rule initially requires that a prospective intervenor serve a motion and attach to it a pleading. Rule 24(c) F.R.Civ.P. The committee has not followed this mandatory procedure and the objecting defendants, Federal Deposit Insurance Corporation, Continental Illinois National Bank & Trust

Company of Chicago and Seattle-First National Bank raise this failure as one of the grounds to deny intervention. Since, however, the issue has been briefed and argued we will consider it as if the committee had served a motion and adopted the trustee's complaint. See C. Wright and A. Miller, *Federal Practice and Procedure,* § 1914 at 566–568.[1]

The committee first contends it has an unconditional right to intervene under Rule 24(a)(1) F.R.Civ.P. grounded upon § 1109(b) of the Code. In pertinent part § 1109(b) says that "... a creditors' committee ... may raise and may appear and be heard on any issue in a case under this chapter."

*In re Marin Motor Oil, Inc.,* 689 F.2d 445 (3rd Cir., 1982) unequivocally supports the committee's stance that its right to intervene in the proceeding is unconditional.

Section 1109(b), of course, says a committee may appear in a case under Chapter 11 of the Code. Interestingly it does not also say that the committee can intervene in a proceeding arising in or related to a case.

*Marin* correctly points out that the Bankruptcy Code draws *no distinctions between* "case" and "adversary proceeding." The particular term is one adopted by the Supreme Court in Part VII of the Bankruptcy Rules. Congress did, however, make the distinction in dealing with bankruptcy in the Code of Judiciary and Judicial Procedure. In dealing with jurisdiction Congress spoke separately of "... cases under title 11" and "... civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1471(a) and (b).

In considering abstention "... from hearing a particular proceeding ..." Congress spoke in 28 U.S.C. § 1471(d) while in dealing with abstention from a "case" under title 11 it spoke in § 305 of the Bankruptcy Code.

There are two separate sections dealing with venue. 28 U.S.C. § 1472 concerns "... a case under title 11 ..." and 28 U.S.C. § 1473 separately concerns "... a

proceeding arising in or related to a case under title 11 ...." In 28 U.S.C. § 1475 Congress provided for transfer of both "... a case under title 11 or a proceeding arising under or related to such a case ...."

Jury trials were provided for both "... in a case under title 11 or in a proceeding arising under title 11 ...." 28 U.S.C. § 1480(a).

These examples show that Congress did separately consider bankruptcy cases and proceedings relating to them. The reason the Bankruptcy Code doesn't mention adversary proceedings is because it doesn't deal with them. They are matters appropriately considered in title 28 and the procedural rules.

This has become more apparent since *Marin* with prescription of the Bankruptcy Rules pursuant to 28 U.S.C. 2075 which became effective on August 1, 1983.

By BR 7001 an "... adversary proceeding ...*[is] ... a proceeding in a bankruptcy court (1) to recover money or property ... [or] (2) to determine the validity, priority, or extent of a lien or other interest in property ...." That is what the trustee seeks by his complaint and intervention must be governed by the proper procedural rules.

BR 7024 concerns intervention and simply applies Rule 24 F.R.Civ.P. This is made plain in the Advisory Committee Note which says:

A person may seek to intervene in the case under the Code or in an adversary proceeding relating to the case under the Code. Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule. Intervention in a case and intervention in an adversary proceeding must be sought separately.

In its Note following BR 7001 the Advisory Committee also says that "[t]hese Part VII rules are based on the premise that to the extent possible practice before the

1. The committee did move orally for intervention at a hearing. *See* BR 9013.

bankruptcy courts and the district courts should be the same."

It thus appears that when Congress speaks of a "case" it does not include an adversary proceeding and the committee's request must be determined by the standards of Rule 24 F.R.Civ.P. We believe there is no statute granting it an unconditional right under Rule 24(a)(1).

The next consideration is whether the committee has a right to intervene under Rule 24(a)(2). The focus here is on whether the interests of the committee are adequately represented by the trustee for no one questions that the committee claims a genuine interest in the subject matter of the transaction and disposition of the complaint will resolve the matter. The trustee seeks to avoid transfers to the banks which purport to be liens on property of the estate securing advances totalling approximately $30 million. The committee represents creditors who hold either unsecured claims or liens junior to the banks. The committee's interest is obvious and statements of counsel indicate that distribution to the creditors it represents may depend on the eventual judgment.

The primary reason advanced by the committee for intervention under this subsection is that the trustee has other duties to perform and lacks sufficient time to prepare his case. We do not think these standards are the ones appropriate to the determination especially where, as here, the trustee is an experienced attorney with unquestioned ability.

The inquiry, however, is whether or not the trustee has conflicting interests, whether collusion with the opposing party may be present, whether he has interests adverse to the intervenor and if he may fail in fulfilling his duties. See C. Wright and A. Miller, *Federal Practice and Procedure*, § 1909 at 523. *See also National Farm Lines v. I.C.C.*, 564 F.2d 381 (10th Cir.1977).

The committee does not contend that the trustee will not raise issues important to it or that it would offer any proof in addition to the trustee. It says that their interests are identical but the trustee could use its assistance. In situations where interests are identical or a party is under a legal duty to represent the movant "... representation will be deemed adequate unless special circumstances are shown .... This principle applies when there is formal representation by a fiduciary such as [a] ... trustee." C. Wright and A. Miller, *Federal Practice and Procedure*, § 1909 at 525–526. By 11 U.S.C. § 704 the trustee certainly has the legal duty to represent the interests of the committee and no apposite special circumstances are shown.

It is thus held that the committee does not have a right to intervene under Rule 24(a).

The committee then seeks permissive intervention under Rule 24(b)(2). This subsection is entirely discretionary and the "... principal consideration, which the rule in terms requires the court to consider in exercising its discretion, is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" C. Wright and A. Miller, *Federal Practice and Procedure*, § 1913 at 552.

In the first instance intervention will not cause any delay. The trial is scheduled and the committee's presence will not result in delay. Furthermore, as noted previously the committee will not raise any new issues. The trustee supports the motion and no prejudice to the banks is perceived.

The most compelling argument for intervention is the trustee's statement requesting assistance of the committee. The debtor is in the business of producing oil and gas and operates various wells. In addition to conducting the daily business the trustee has numerous other duties; states he is undertaking negotiations towards proposing a plan of reorganization, and is plaintiff in numerous other adversary proceedings in this Court. He has been appointed his own counsel and informs the Court that, in his view, the issues in this action may decide whether the debtor can be rehabilitated or must be liquidated. We thus conclude that intervention by the committee is appropriate under Rule 24(b)(2).

The banks also argue that intervention would create conflicts of interest prohibited by § 1103(b), of the Code. That does not appear to be the case for the committee has its own interest in the proceeding albeit identical to the trustee's. Since there is discretion to refuse intervention a court may grant it with conditions. C. Wright and A. Miller, *Federal Practice and Procedure,* § 1913 at 558. The conditions imposed here will be that counsel for the committee be alert to the requirements of § 1103(b) and, in order not to waste assets of the estate, that they avoid duplication of time and effort. *See e.g. Ramos v. Lamm,* 713 F.2d 546 at 554–555 (10th Cir.1983).

For the foregoing reasons the motion to intervene is granted.