762 F.2d 1283
 54 USLW 2001, 12 Collier Bankr.Cas.2d 1381,
Bankr. L. Rep. P 70,592
 FUEL OIL SUPPLY AND TERMINALING, Plaintiff,
The Official Creditors Committee of Fuel Oil Supply and
Terminaling, Movants-Appellants,
v.
GULF OIL CORPORATION, Defendant-Appellee,
Banque De Paris Et Des Pays-Bas, et al., Third-Party
Defendants-Appellees.
 No. 84-2464.
 United States Court of Appeals,
Fifth Circuit.
 June 17, 1985.
 
 Lackshin & Nathan, Michael S. Holmes, Herbert N. Lackshin, Houston, Tex., for movants-appellants.
 Nancy Atlas, Houston, Tex., for Fuel Oil.
 Bruce A. Atkins, Dotson, Babcock & Scofield, William M. Schultz, James C. Kean, Houston, Tex., for Gulf Oil.
 Schlanger, Cook, Cohn, Mills & Grossberg, C. Henry Kollenberg, Houston, Tex., for Banque De Paris.
 Baker & Botts, Robert E. Goodman, Jr., Houston, Tex., for Lockwood.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GEE, POLITZ, and WILLIAMS, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 This case requires us to determine whether a creditors committee has an absolute statutory right to intervene in a bankruptcy adversary proceeding.* We hold that the committee has no such statutory right, but we remand the case to the district court to determine whether another basis may exist for the committee to intervene.
 
 I.
 
 2
 The facts of this case are simple and undisputed. The Official Creditors Committee of Fuel Oil Supply & Terminaling, Inc. (the "Creditors Committee") initiated a bankruptcy adversary proceeding to set aside a preferential transfer. The bankruptcy court dismissed this suit for lack of standing. The Creditors Committee then filed a motion under Rule 24(a), Fed.R.Civ.P., to intervene as of right in another adversary proceeding to attempt to set aside a claimed preferential transfer. Gulf Oil Corp. (Gulf) filed an objection to this motion. The district court denied the motion without a hearing and filed no findings of fact or conclusions of law with respect to its ruling. This appeal followed.
 
 II.
 
 3
 On appeal the Creditors Committee contends that Sec. 1109(b) of the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code"), 11 U.S.C. Sec. 1109(b), is "a statute confer[ring] an unconditional right to intervene" within the meaning of rule 24(a)(1), Fed.R.Civ.P.[1] Section 1109(b) provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." The Creditors Committee contends that Congress intended "case" as used in Sec. 1109(b) to be an all-encompassing term, allowing a party in interest to intervene in any proceeding related to a case in bankruptcy.[2] Gulf argues that Congress did intend to create a distinction for Sec. 1109(b) purposes between a "case" and proceedings ancillary to a case, and that Sec. 1109(b) therefore does not grant the Creditors Committee an absolute statutory right to intervene in an adversary proceeding.
 
 
 4
 The issue whether Sec. 1109(b) provides parties in interest with an absolute right to intervene in bankruptcy adversary proceedings is one of first impression in this Court, and only a few other courts have dealt with this issue. The Third Circuit, in In re Marin Motor Oil, Inc., 689 F.2d 445, 449-57 (3d Cir.1982), cert. denied, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), held that Sec. 1109(b) creates an absolute right to intervene in adversary proceedings. Several lower court decisions are in line with the Third Circuit's holding. E.g., In re Parrot Packing Co., 42 B.R. 323 (N.D.Ind.1983), In re Penn-Dixie Industries, Inc., 9 B.R. 936 (S.D.N.Y.1981); In re Overmyer, 30 B.R. 123 (Bankr.S.D.N.Y.1983); In re D.H. Overmyer Telecasting Co., 18 B.R. 107 (Bankr.N.D.Ohio 1982); In re Sapolin Paints, Inc., 6 B.R. 582 (Bankr.E.D.N.Y.1980). On the other hand, In re George Rodman, Inc., 33 B.R. 348 (Bankr.W.D.Okla.1983), held that Sec. 1109(b) does not provide a party in interest with an absolute right to intervene in adversary proceedings. We must decide which of these interpretations to adopt as the law of this Circuit.
 
 
 5
 A. At first blush, prior bankruptcy practice and the legislative history of Sec. 1109(b) appear to support the view of the Third Circuit that Sec. 1109(b) requires a bankruptcy court automatically to allow a party in interest to intervene in adversary proceedings. Section 1109(b) is derived from Chapter X, Rule 10-210(a) of the former bankruptcy code.[3] This rule, in turn, was based on Sec. 206 of the former code. As a leading bankruptcy treatise notes, the scope of the rights created by Sec. 206 and Rule 10-210(a) was broadly construed.
 
 
 6
 The standing conferred by Section 206 of the Bankruptcy Act and Chapter X Rule 10-210(a)(1) was absolute and unlimited, and gave the debtor, creditors, stockholders and indenture trustees the same rights as if they were successful intervenors in the case, but without the necessity of a formal order of intervention. Those within the specified categories who sought to participate in the reorganization, therefore, were by statute parties to the case.
 
 
 7
 5 Collier on Bankruptcy p 1109.02 at 1109-19 to -20 (15th ed. 1984).
 
 
 8
 As the legislative history of Sec. 1109(b) makes clear, Congress intended Sec. 1109(b) to carry forward to the current Bankruptcy Code the broad rights to appear and be heard granted to interested parties under the former bankruptcy code. See S.Rep. No. 95-989, 95th Cong., 2d Sess. 116, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5902 (noting that Sec. 1109(b) provides a creditor "in unqualified terms ... [with] the right to be heard as a party in interest...."). See also 5 Collier on Bankruptcy p 1109.02 at 1109-23 (Sec. 1109(b)'s designated "parties in interest" presumably do not have to intervene formally in a Chapter 11 case). Furthermore, as the Marin court pointed out, the Bankruptcy Code makes no distinction between "case" and "adversary proceeding" for intervention purposes. Based on the Bankruptcy Code alone, therefore, the argument that Sec. 1109(b) creates an absolute right to intervene in adversary proceedings appears strong.
 
 
 9
 B. This argument loses much of its force, however, when Sec. 1109(b) is juxtaposed with the procedural rules governing intervention, Rule 24, Fed.R.Civ.P., and Bankruptcy Rule (BR) 7024.[4] First, Rule 24(a)(1), which states that a person may intervene if "a statute of the United States confers an unconditional right" to do so, has been narrowly construed; courts have been hesitant to find unconditional statutory rights of intervention. C. Wright & A. Miller, Federal Practice and Procedure, Civil Sec. 1906 (1972 & Supp.1984); see, e.g., United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826, 842-43 (5th Cir.1975) (because EEOC and Secretary of Labor brought action to compel compliance with Title VII under "pattern or practice" section of Title VII and not under section containing procedures for filing lawsuits, private parties had no unconditional statutory right to intervene), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). The statutes that do confer an absolute right to intervene generally confer that right upon the United States or a federal regulatory commission; private parties are rarely given an unconditional statutory right to intervene. Wright & Miller, supra, Civil Sec. 1906. Section 1109(b) is not the type of statute generally considered to provide an absolute right to intervene.[5]
 
 
 10
 Second, an examination of the Code of Judiciary and Judicial Procedure (Title 28, United States Code) and of the Bankruptcy Rules reveals that Congress in many instances has drawn distinctions between bankruptcy "cases" and the proceedings related to them. Examples of the distinctions drawn under Title 28 include separate provisions dealing with jurisdiction, 28 U.S.C. Sec. 1471(a) and (b); abstention, 28 U.S.C. Sec. 1471(d) and 11 U.S.C. Sec. 305; venue, 28 U.S.C. Sec. 1472 and Sec. 1473; and jury trials, 28 U.S.C. Sec. 1480(a). See In re George Rodman, Inc., 33 B.R. 348, 349 (Bankr.W.D.Okla.1983). Furthermore, the Advisory Committee Note to BR 7024 discusses bankruptcy intervention, stating:
 
 
 11
 A person may seek to intervene in the case under the Code or in an adversary proceeding relating to the case under the Code. Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule. Intervention in a case and intervention in an adversary proceeding must be sought separately.
 
 
 12
 The last sentence quoted makes no sense if intervention in the "case" provided entrance to the adversary proceeding as well. Because of the limited scope of Rule 24(a)(1) and the distinctions Congress has drawn between bankruptcy "cases" and related "proceedings," therefore, we conclude that Congress did not create an absolute statutory right to intervene in bankruptcy adversary proceedings through Sec. 1109(b).
 
 
 13
 C. Our conclusion with respect to this legislative intent in no way restricts the broad, legitimate right to appear and be heard that Sec. 1109(b) grants to parties in interest. These parties in interest, including the Creditors Committee in this case, may still intervene as of right under Rule 24(a)(2), Fed.R.Civ.P. Under this rule, a person may intervene as of right when the person "claims an interest in the property or transaction which is the subject of the action," and the person is "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." Intervention is not permitted, however, if the applicant's interest is "adequately represented by existing parties." See supra note 1. Of course, permissive intervention under Rule 24(b) is likewise a possibility.
 
 
 14
 We are convinced that Congress must have intended courts to apply Rule 24(a)(2) rather than Rule 24(a)(1) to applications to intervene in bankruptcy adversary proceedings under Sec. 1109(b). This approach allows any party in interest with a stake in the outcome of an adversary proceeding to intervene in that proceeding as of right. This broad right to intervene is consistent with the expansive right to be heard created by Sec. 1109(b). At the same time, however, the bankruptcy court is permitted to control the proceeding by restricting intervention to those persons whose interests in the outcome of the proceeding are not already adequately represented by existing parties. Thus, for example, individual creditors whose interests in a particular adversary proceeding are adequately represented by a creditors' committee would not be permitted to intervene under Sec. 1109(b) in the adversary proceeding; on the other reading, both the committee and each individual creditor--perhaps hundreds of them--would be automatic parties to every adversary proceeding connected with the case.
 
 
 15
 We find support for our interpretation of Sec. 1109(b) and the relevant procedural rules in several bankruptcy cases dealing with a creditors' committee's right to initiate adversary proceedings. These cases have held that Sec. 1109(b) permits a creditors' committee to initiate adversary proceedings, but only if the bankruptcy trustee or debtor-in-possession has failed to act to protect the creditors' interests. In re Jermoo's, Inc., 38 B.R. 197, 199-200 (Bankr.W.D.Wis.1984); In re Toledo Equipment Co., 35 B.R. 315, 319 (Bankr.N.D.Ohio 1983); In re Chemical Separations Corp., 32 B.R. 816, 818-19 (Bankr.E.D.Tenn.1983); In re Joyanna Holitogs, Inc., 21 B.R. 323, 325-26 (Bankr.S.D.N.Y.1982). See also In re Wesco Products Co., 22 B.R. 107, 109-110 (Bankr.N.D.Ill.1982) (court dismissed creditors' committee's adversary complaint when, four months after the complaint was filed, the debtor-in-possession filed a substantially identical complaint). Because these cases did not deal with intervention, Rule 24 did not apply. In determining the creditors' committees' rights to initiate adversary proceedings, however, the courts used precisely the analysis suggested by the terms of Rule 24(a)(2). We think that their approach in those cases was correct and that the Rule 24(a)(2) analysis should be used in determining a party in interest's right to intervene as well.
 
 
 16
 Applying our conclusion with respect to Sec. 1109(b) to the facts of the instant case, we hold that the district court correctly ruled that the Creditors Committee has no absolute statutory right to intervene. Because the court made no findings of fact or conclusions of law, however, we cannot determine whether the Creditors Committee may intervene as of right under Rule 24(a)(2) or by permission under Rule 24(b). We must therefore remand this case to the district court for further proceedings consistent with this opinion.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 In accordance with Court policy, this opinion, being one which initiates a conflict with the rule declared in another circuit, was circulated before release to the entire Court, and rehearing en banc was not voted by a majority of the judges in active service
 
 
 [1]
 Rule 24(a) provides:
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [2]
 The Bankruptcy Code does not explicitly define "case," but uses the term in a general sense to refer to matters brought under the Code, both those initiated by the debtor ("voluntary") and those initiated by others ("involuntary"). Bankruptcy Rule 7001 defines "adversary proceeding" as a
 proceeding in a bankruptcy court (1) to recover money or property, except a proceeding under Sec. 554(b) or Sec. 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), (3) to obtain approval pursuant to Sec. 363(h) for the sale of both the interest of the estate and of a co-owner in property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11 or chapter 13 plan, (6) to determine the dischargeability of a debt, (7) to obtain an injunction or other equitable relief, (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to determine a claim or cause of action removed to a bankruptcy court.
 
 
 [3]
 Rule 10-210(a) provided in pertinent part: "The debtor, the indenture trustees and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a Chapter X case."
 
 
 [4]
 BR 7024 simply states that Rule 24 applies in adversary proceedings. For the text of Rule 24(a), see supra note 1
 
 
 [5]
 Examples of statutes that courts have held to confer an unconditional right to intervene under Rule 24(a)(1) include 28 U.S.C. Sec. 2403 (granting United States right to intervene in any proceeding in federal court in which the constitutionality of an Act of Congress affecting the public interest is in question and granting states right to intervene in actions challenging the constitutionality of state statutes); 42 U.S.C. Sec. 2000h-2 (granting United States right to intervene in actions seeking relief from denial of equal protection on account of race, color, religion, or national origin); and 28 U.S.C. Sec. 2323 (granting Interstate Commerce Commission right to intervene in an action involving validity of an ICC order or requirement). See Wright & Miller, supra, Civil Sec. 1906