### In re LONGFELLOW INDUSTRIES, INC., Debtor.

**LONGFELLOW INDUSTRIES, INC., Debtor-in-possession and Statutory Committee of Unsecured Creditors, Plaintiffs,**

v.

**Ira BLUMBERG, Elisa K. Blumberg Stanley Kaufman and Michael A. Farina, Defendants.**

Bankruptcy No. 85 B 10451 (TLB).
Adv. Proceeding No. 86–5434A.

United States Bankruptcy Court, S.D. New York.

July 31, 1987.

Rosenberg, Rosenberg & Koral, Brooklyn, N.Y. by Louis P. Rosenberg, for debtor-in-possession.

Hahn & Hessen, New York City by David Blejwas, David A. Berger, for Statutory Committee of Unsecured Creditors.

Dominic F. Amorosa, New York City, for Elisa K. Blumberg.

Lawrence F. Ruggiero, New York City, for Michael Farina.

## MEMORANDUM DECISION DENYING MOTIONS TO DISMISS THE STATUTORY COMMITTEE OF UNSECURED CREDITORS AS A PARTY–PLAINTIFF

TINA L. BROZMAN, Bankruptcy Judge.

Defendant, Elisa K. Blumberg ("E. Blumberg"), joined by defendant Michael A. Farina ("Farina"), moves to dismiss the statutory committee of unsecured creditors (the "Committee"), an intervening plaintiff, as a party in this adversary proceeding. E. Blumberg contends that the Committee's intervention was improper because a committee lacks standing to institute a lawsuit seeking recovery for the benefit of the estate unless the debtor-in-possession negligently failed or refused to bring the suit.

## FACTS

On April 4, 1985 an involuntary petition for relief was filed pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*, against Longfellow Industries, Inc., (the "Debtor"). Since entry of the order for relief the Debtor had operated as a debtor-in-possession. The Committee was appointed on May 8, 1985.

This adversary proceeding was initiated by the Debtor against Ira Blumberg ("I. Blumberg"), the former controller of the Debtor, on June 4, 1986. The complaint alleged that he has converted at least $750,000 of the Debtor's funds and certain of the Debtor's assets to his own use. He answered, invoking his Fifth Amendment privilege against self-incrimination and alleging that the complaint should be dismissed for lack of subject matter and personal jurisdiction and for failure to state a claim. At a hearing held on January 12, 1987 the court permitted the Committee to intervene. The Committee and the Debtor urged the court to allow the intervention primarily because the Debtor's counsel had insufficient personnel to staff a case of this magnitude and because the Committee was understandably concerned that the litigation be conducted to its satisfaction. I. Blumberg, through his attorney, Dominic F. Amorosa, Esq., (who also now represents E. Blumberg) consented to the intervention. No appeal was taken.

Later investigations uncovered additional facts regarding the alleged conversion. As a result, the Committee moved to amend the original complaint to amplify the facts alleged in the original complaint, to name additional defendants and to set forth alternative legal theories for recovery. Because the original complaint gave I. Blumberg notice of all allegations contained in the amended complaint, and because the new facts came to light only after the filing of the original complaint, we granted the motion. On May 7, 1987, the Debtor and the Committee served a summons and amended complaint, naming E. Blumberg, Stanley Kaufman and Farina as additional defendants.

E. Blumberg filed her answer to the amended complaint on June 5, 1987. It was identical to I. Blumberg's except that it also alleged the statute of limitations as a defense. By motion dated July 6, 1987, she sought an order dismissing the Committee as a party plaintiff in this case. Farina joined in her motion without submitting any papers in support.

DISCUSSION

The defendants urge that we should dismiss the Committee because it is the statutory duty of the trustee or debtor in possession to initiate an adversary proceeding; only in the event the debtor in possession has "unjustifiably failed to bring suit or abused its discretion in not suing ..." can the committee institute an action for the benefit of the estate. *Unsecured Creditors Committee v. Noyes (In re STN Enterprises)*, 779 F.2d 901, 904 (2d Cir.1985). *STN Enterprises* is not dispositive of this motion for it concerns the right of a committee to initiate an adversary proceeding which the debtor in possession had, for some reason, not seen fit to commence. What the court there held, in essence, is that the decision of the debtor in possession not to sue is entitled to deference unless that decision is unjustifiable or an abuse of discretion. The reason for that result is that the statutory right to commence such actions is unequivocally reposed in the debtor in possession pursuant to 11 U.S.C. §§ 1106 and 1107. But intervention in an action which the debtor in possession does commence is an entirely different matter. The decision of the repository of the power to sue is in no way compromised or abrogated. Particularly where, as here, the debtor in possession asks that the committee intervene, we would be remiss in extending *STN Enterprises* to foreclose that intervention.

Resolution of this motion begins with an examination of 11 U.S.C. § 1109(b), which provides that "a party in interest, including ... a creditors' committee ... may raise and may appear and be heard on any issue in a case under this chapter."

Two circuits have to date considered whether section 1109(b) permits a creditors' committee to intervene in an adversary proceeding. The Third Circuit held that the right to intervene is absolute, *Official Unsecured Creditors' Committee v. Michaels (Matter of Marin Motor Oil, Inc.)* 689 F.2d 445 (3rd Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), the Fifth that the right is permissive only and may be granted only in accordance with the standards of Fed.R. Civ.P. 24, *Fuel Oil Supply and Terminaling v. Gulf Oil Corporation*, 762 F.2d 1283 (5th Cir.1985).

In *Marin*, the chapter 11 trustee instituted two adversary proceedings in which the creditors' committee later sought to intervene. The creditors' committee's motion was based almost entirely on the theory that section 1109 provided them "an absolute right to intervene regardless of the Trustee's performance." 689 F.2d at 447. The trustee and the debtor opposed the motion, arguing that the committee has an absolute right to intervene in a chapter 11 case, but not in an adversary proceeding. The court carefully analyzed (i) the definition of adversary proceeding as set forth in former Bankruptcy Rule 701, (ii) section 206 of Chapter X (the predecessor to section 1109(b)), and (iii) the legislative history to section 1109(b). The court agreed with the committee, noting that section 1109(b) allows a committee to be heard "on any issue in a case" and not, simply, in a case.

The court did not ignore the theoretical problem that might result from such a broad and absolute reading of section 1109, specifically, that many creditors and stockholders might seek to invoke their right to intervene. But the court concluded that as a practical matter "relatively few individuals would have enough interest in the outcome of an adversary proceeding to seek to intervene." *Id.* at 453. The court noted that even in the event that difficulties did arise from such intervention, the Federal Rules of Civil Procedure and of Bankruptcy Procedure provide the means to handle them.

In *Fuel Oil*, the creditors' committee filed a motion to intervene as of right in an adversary proceeding pursuant to Fed.R.

Civ.P. 24(a).[1] The committee contended that 11 U.S.C. § 1109(b) "is 'a statute confer[ring] an unconditional right to intervene' within the meaning of rule 24(a)(1), Fed.R.Civ.P. 762 F.2d at 1284. The Fifth Circuit observed that the legislative history and the Bankruptcy Code alone seem to create an absolute right to intervene in an adversary proceeding but found that "when § 1109(b) is juxtaposed with the procedural rules" this interpretation "loses much of its force." *Id.* at 1286. The court's conclusion was based on the unwillingness of judges to read Rule 24(a) broadly and on the distinction which Congress drew in Title 28 of the United States Code between bankruptcy cases and the proceedings relating to them.

Thus, the court concluded that Congress did not intend by section 1109(b) to create an absolute right for a creditors' committee to intervene in an adversary proceeding but intended courts to apply Rule 24(a)(2) and (b) and consider whether intervention is proper. The court reasoned that if a tribunal scrutinizes a request to intervene, all of Congress' concerns will be adequately dealt with. The liberal right to be heard will remain intact, while in circumstances where the would-be intervenor's interest is already being adequately protected or is inconsistent with the proceeding, the court is at liberty to deny intervention.

*Fuel Oil* was criticized by two respected commentators who reasoned that the clear language of section 1109(b), which grants a substantive right, should not have been read by the Fifth Circuit to be modified or limited by procedural rules. See 28 U.S.C. §§ 2072 and 2075. Gross & DeNatale, *The Right of the Creditors' Committee to be Heard Under § 1109(b): an Update,* Nor-

ton Bankruptcy Law Adviser, p. 5 (November, 1985).

Although we believe the *Marin* approach to be the preferable one,[2] it matters little here, because the intervention is appropriate under both standards. Obviously, under *Marin,* the intervention was proper. In *Kenan v. Federal Deposit Insurance Corp. (In re George Rodman, Inc.),* 33 B.R. 348 (Bankr.W.D.Okl.1983) the creditors' committee moved to intervene in an adversary proceeding instituted by the trustee to avoid transfers under section 547 of the Bankruptcy Code. Although that case was decided after *Marin* and before *Fuel Oil,* the court held that there was no absolute right to intervene, and then considered whether the committee had a permissive right to intervene pursuant to Fed.R.Civ.P. 24(b). The court found that Congress intended this subsection to be discretionary, with the primary consideration being "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." 33 B.R. at 350, quoting C. Wright and A. Miller, Federal Practice and Procedure, § 1913 at 552. The intervention was allowed because the trial would not be delayed, the committee would not raise any new issues, the trustee supported the intervention and there would be no prejudice to the defendant. Moreover, the court found the "most compelling argument [to be] the trustee's statement requesting assistance of the committee." 33 B.R. at 350.

The facts of that case are similar to this. The Debtor instituted its adversary proceeding and afterwards realized that it needed assistance in prosecuting the suit. Together with the Committee, the Debtor requested that the Committee be permitted to intervene. From entry of the order in

---

**1.** Fed.R.Civ.P. 24(a) provides:
   (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that

interest, unless the applicant's interest is adequately represented by existing parties.
   The rule is applicable to adversary proceedings by virtue of Fed.R.Bankr.P. 7024.

**2.** *See In re Overmyer,* 30 B.R. 123, 125 (Bankr.S. D.N.Y.1983) (citing *Marin* with approval); *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1015 (4th Cir.1986) *cert. denied,* —— U.S. ——, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986) (citing *Marin* with approval).

342

January until now, the Committee has participated fully in the litigation. The intervention raised no new issues and has not unduly delayed or prejudiced the adjudication of the proceeding. On the other hand, vacating the order permitting the intervention may well impair the interests of the Committee. The Debtor has expressed the need for assistance in order to adequately and sufficiently prosecute this suit. Without the Committee's participation, the Debtor may not recover for its creditors everything to which it may be entitled. The defendants have not articulated any cognizable prejudice which may befall them if the intervention order stands. Accordingly we find that the intervention was proper and we deny the motions to dismiss the Committee as a party-plaintiff.

IT IS SO ORDERED.