### In re GOLDEN GLADES REGIONAL MEDICAL CENTER, LTD., Debtor.

### Kevin G. GLEASON, Plaintiff,

### v.

### COMMONWEALTH CONTINENTAL HEALTH CARE, et al., Defendants.

Bankruptcy No. 91–11692–AJC.
Adv. No. 92–436.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Nov. 11, 1992.

Richard B. Webber, II, Orlando, Fla., for Blue Cross and Blue Shield.

Kevin C. Gleason, Disbursing Agent, Boca Raton, Fla.

Patrick A. Barry, Ft. Lauderdale, Fla., for Commonwealth et al.

John H. Genovese, Miami, Fla., for FDIC.

### ORDER GRANTING MOTION TO INTERVENE AND PARTICIPATE AT TRIAL

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on for consideration, after notice and hearing, on September 23, 1992 on Blue Cross and Blue Shield of Florida, Inc.'s ("Blue Cross") Motion to Intervene and Participate at Trial in the adversary proceeding filed by Kevin C. Gleason, disbursing agent for the *Golden Glades Medical Center* in the above-captioned case, and this Court, having heard argument of counsel and being otherwise duly advised in the premises, finds as follows:

The adversary complaint was filed for a declaratory judgment regarding ownership of certain funds. Plaintiff, Kevin Gleason, is seeking to recover approximately $250,-000 on behalf of the estate, which recovery would inure to the benefit of the estate and the unsecured creditors.

Blue Cross is an unsecured creditor and filed a Proof of Claim in the amount of $207,687.49 on August 30, 1991. There has been no distribution under the confirmed Plan of Reorganization and the claim of Blue Cross has been allowed.

Blue Cross desires to intervene as a party plaintiff in this action, at no expense to

the estate or the other unsecured creditors, to aid in the recovery of funds for the benefit of the estate and the unsecured creditors.

Plaintiff, Kevin Gleason, has no objection to the intervention of Blue Cross in this adversary proceeding as party plaintiff.

## A. INTERVENTION UNDER RULE 24(a)(1)

■ Federal Rule of Bankruptcy Procedure ("FRBP") 7024(a)(1) which incorporates Federal Rule of Civil Procedure ("FRCP") 24(a)(1) states:

Upon timely application anyone shall be permitted to intervene in an action ... when a statute of the United States confers an unconditional right to intervene.

Section 1109(b) of the Bankruptcy Code states:

A party in interest, including the debtor, the trustee, a creditor's committee ... *a creditor*, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Many courts, led by the Third Circuit's decision in *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), have held that § 1109(b) of the Bankruptcy Code grants an absolute, unqualified right to intervene in adversary proceedings sufficient to satisfy rule 24(a). *See also A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1015 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Neuman*, 124 B.R. 155, 159–160 (S.D.N.Y.1991); *In re Overmyer*, 30 B.R. 123, 125 (S.D.N.Y.1983); *In re Allegheny Intern., Inc.*, 107 B.R. 518, 525 (W.D.Pa.1989); *In re Overmyer Telecasting Co., Inc.*, 53 B.R. 963, 975 (N.D.Ohio 1984).

The Fifth Circuit in *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286–1287 (5th Cir.1985) disagreed with this approach, stating that the right is permissive only and may be granted only in accordance with FRBP 7024(a)(2) and (b) and FRCP 24(a)(2) and (b).

Many courts and leading commentators, however, have criticized the *Fuel Oil* decision in light of the clear statutory language and legislative history. *In re Allegheny International*, 107 B.R. at 524–25; *In re Longfellow Industries, Inc.*, 76 B.R. 338, 341 (Bankr.S.D.N.Y.1987); *In re Neuman*, 124 B.R. at 159; Gross & Natale, *The Right of the Creditors' committee to be Heard Under § 1109(b): An Update*; Norton, *Bankruptcy Law Adviser*, p. 5 (November, 1985).

Although some courts have apparently decided that the language of the Rules, Code, and Advisory Notes implies that § 1109 does not apply to adversary proceedings, the more reasoned view is that the language "is at best ambiguous and is not sufficient basis for determining that § 1109 is exclusively limited for proceedings for which Rule 2018 is applicable." *In re Allegheny*, 107 B.R. at 524. Judge Paskay's case of *In re Bicoastal Corp.*, 122 B.R. 771 (Bankr.M.D.Fla.1990) could possibly be read to imply that § 1109 is exclusively limited for proceedings for which FRBP 2018 is applicable, but the court does not squarely address this issue, because the matter at hand was the estimation of a claim and not an adversary proceeding.

Therefore, this Court finds that Blue Cross has the right to intervene pursuant to FRBP 7024(a)(1) and FRCP 24(a)(1).

## B. INTERVENTION UNDER RULE 24(b): *PERMISSIVE INTERVENTION*

■ Regardless of whether this Court follows the reasoning of *Marin* or *Fuel Oil*, permissive intervention is nonetheless appropriate under FRBP 7024(b) and FRCP 24(b), which states that:

Upon timely application anyone may be permitted to intervene in an action:

(1) when a statute of the United States confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law of fact in common. ...

Courts considering whether intervention is proper pursuant to FRBP 7024(b) and

FRCP 24(b) have held that Congress intended this subsection to be discretionary "with the primary consideration being whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *In re Longfellow Industries*, 76 B.R. at 341; *In re George Rodman, Inc.*, 33 B.R. 348, 350 (Bankr. W.D.Okl.1983); *see also* C. Wright and A. Miller, *Federal Practice and Procedure*, § 1913 at 552.

In the case of *In re George Rodman*, intervention in an adversary proceeding was allowed where the trial would not be delayed, the intervenor would not raise new issues, the trustee supported intervention, and there would be no prejudice to the defendant. There would be no prejudice with the intervention of Blue Cross in this adversary proceeding and the defendants have failed to demonstrate any prejudice to this Court. In a case where the debtor, in prosecuting an adversary proceeding to recover funds for the benefit of the estate, requested the assistance of the party requesting intervention, the court allowed intervention because of the debtor's request, because intervention would not delay or prejudice the proceedings, and because the defendants did not articulate any cognizable prejudice which would result. *In re Longfellow*, 76 B.R. at 341–42.

In the case *sub judice*, the disbursing agent has agreed to the intervention of Blue Cross, the trial will not be delayed, the estate will not be charged for Blue Cross' assistance in attempting to add to the estate, and the defendants have not articulated any cognizable prejudice. Therefore, intervention is appropriate under FRBP 7024(b) and FRCP 24(b).

## C. INTERVENTION UNDER RULE 24(a)(2)

Neither the Fifth Circuit nor the Third Circuit dispute that FRBP 7024 and FRCP 24 makes intervention of right in an adversary proceeding possible under FRBP 7024(a)(2) and FRCP 24(a)(2).

■ Four requirements must be met to intervene of right under FRBP 7024(a)(2) and FRCP 24(a)(2):

a. the application must be timely;

b. the applicant must have an interest relating to the property or transaction which is the subject of the action;

c. the applicant must be so situated that disposition of this action, as a practical matter, may impede or impair his ability to protect that interest; and

d. the applicant must demonstrate that his interest is represented inadequately by the existing parties to the suit.

*Athens Lumber Co. v. Federal Election Commission*, 690 F.2d 1364, 1366 (11th Cir.1982).

■ In the case at bar, the application is made well before the trial. As an unsecured creditor, Blue Cross has an undeniable interest in the funds which are sought to be recovered. Because it has no security to otherwise protect its unsecured interest, Blue Cross has no other way to protect its unsecured interest other than to assist in recovering funds for the benefit of the unsecured creditors.

In addition, because the unsecured claim of Blue Cross unsecured interest is substantial, it may not be adequately represented by existing parties. Courts have held that the "inadequate representation" requirement is met if the applicant shows that representation of his interest 'may be' inadequate, and the burden of making that showing should be treated as minimal. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972).

Therefore, Blue Cross has met this minimal burden, and intervention under FRCP 7024(a)(2) and FRCP 24(a)(2) is appropriate and the Motion should be granted. Accordingly, it is

ORDERED:

1. That the Motion to Intervene and Participate at Trial is granted.

2. That Blue Cross and Blue Shield of Florida, Inc. shall be allowed to intervene and participate at trial in this adversary proceeding as a party plaintiff.

DONE AND ORDERED.